IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.              Civil No. 06-6027
                Criminal No. 4:98cr60018

TYRONG RON GODBOLD                          DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the motion of the defendant/movant, Tyrong Ron Godbold (hereinafter "Godbold"), to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. #46)

**Factual and Procedural Background:**

Godbold is an inmate in the Federal Correctional Institution, Memphis, Tennessee. On July 20, 1998, Godbold was convicted of one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). On November 23, 1998, Godbold was sentenced to 48 months imprisonment. The judgment was entered on December 2, 1998. (Doc. #24) On August 25, 2003 and September 3, 2003, amended judgments were entered in order to correct Godbold's USM number. (Doc. #26 & 27)

On June 13, 2005, Godbold filed his first motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, with respect to the above described sentence. (Doc. #33) On February 14, 2006, this court entered an order adopting the report and recommendation of the undersigned and dismissing Godbold's § 2255 motion as barred by the limitations provisions of 28 U.S.C. § 2255. (Doc. #43) On March 15, 2006, the court entered an order overruling Godbold's objections and reaffirming the order of dismissal. (Doc. #45)

Accordingly, the motion now before this court is Godbold's second § 2255 motion with

respect to his November 23, 1998 sentence.

Godbold has not obtained leave of the United States Court of Appeals for the Eighth Circuit to file a second § 2255 application. Accordingly, this court lacks jurisdiction to consider the pending § 2255 motion. *See* 28 U.S.C. § 2255 (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider a second or successive *§ 2255* application); *Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional suspension of the writ of habeas corpus); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(Only the Court of Appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark 1996) (citing *Nunez*).

As this court lacks jurisdiction to consider Godbold's pending motion, the motion must be dismissed. *United States v. Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997) (district court lacks jurisdiction to consider a successive petition absent authorization from the appropriate court of appeals); *see also United States v. Lurie*, 207 F.3d at 10779 (*"§ 2255* motion is not inadequate or ineffective merely because *§ 2255* relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive *§ 2255* motion.").

**Conclusion:**

Based upon the foregoing analysis, we find that this court lacks jurisdiction to consider the subject § 2255 motion (Doc. #46) and we recommend that the motion be dismissed.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

DATED this 11th day of August 2006.

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Bobby E. Shepherd_
　　　　　　　　　　　　　　　　　　　　　　　HON. BOBBY E. SHEPHERD
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE