IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                    Criminal No. 4:98-60018

TYRONG RON GODBOLD                                          DEFENDANT

ORDER

Currently before the court is Defendant's Motion to Correct Sentence Pursuant to Rule 35(b) of the Rules of Criminal Procedure (Doc. 55), the Government's Response (Doc. 56) and Defendant's Reply (Doc. 58). Also before the Court is Defendant's Motion for Discovery (Doc. 54). In his motions, Defendant requests the Court to provide a copy of the complete record in this case but never addresses the request to "correct" his sentence, although he does in his reply. The Court will construe Defendant's motions as a request that he be provided the pleadings and transcript, as well as a request to modify his sentence.

Defendant was sentenced on November 23, 1998, and a judgment was entered on December 2, 1998. An amended judgment and second amended judgment were entered on August 25, 2003 and September 3, 2003, respectively. Defendant did not appeal the sentence, and his petition for relief pursuant to 28 U.S.C. § 2255 was denied as barred by the statute of limitations (Docs. 43 & 45). Defendant's second §2255 motion was denied as this Court lacked jurisdiction as Defendant had not obtained leave from the United States Court of Appeals for the Eighth Circuit to file a second §2255 motion

(Doc. 53). Under these circumstances, the Government is not constitutionally or statutorily obligated to provide free transcripts to prisoners. *See United States v. Losing*, 601 F.2d 351 (8th Cir. 1979). *See also, United States v. Groce*, 838 F.Supp. 411 (E.D. Wis. 1993)(prisoner not constitutionally or statutorily authorized to receive free copies of trial transcripts simply because he or she intends to bring postconviction petition in the future); *Walker v. United States*, 424 F.2d 278 (5th Cir. 1970)(where federal prisoner had no appeal pending, and did not file or attempt to file a motion to vacate sentence or a petition for writ of habeas corpus, motion requesting copy of indictment and transcripts properly denied since a federal prisoner is not entitled to obtain copies of court records at government expense for purpose of searching the record for possible error).

The court's authority to modify a defendant's sentence is limited to specific instances where Congress has expressly granted the court jurisdiction. *United States v. Blackwell*, 81 F.3d 945 (10th Cir. 1996). Title 18, Section 3582(c) of the United States Code provides three instances in which a court may modify a defendant's sentence: (1) upon motion by the Director of the Bureau of Prisons; (2) as permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; (3) upon a subsequent lowering of a guideline sentencing range.

Defendant seems to rely on Rule 35 of the Federal Rules of

Criminal Procedure in requesting that his sentence be modified. However, Rule 35 provides only that the Court may correct a sentence within 7 days of sentencing or reduce a sentence upon a motion by the Government. Neither provision applies in this case. Further, The Court has no inherent power to modify Defendant's sentence unless he meets one of the instances in Title 18, Section 3582(c), and the Court finds that Defendant does not meet any of those instances. Finally, Defendant has been advised he may not seek relief under Section 2255 without first obtaining leave from the Eighth Circuit Court of Appeals. Therefore, the Court lacks jurisdiction to modify Defendant's sentence. Accordingly, Defendant's Motions (Docs. 54-55) are DENIED.

IT IS SO ORDERED this 11th day of December 2006.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge